1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

VERONICA GUTIERREZ-HOWERTON,

Plaintiff,

v.

NICOLE GONZALES, et al.,

Defendants.

Case No. 2:13-cv-01261-GMN-PAL

ORDER

(Mot Compel and Sanctions – Dkt. #17)
(Mot Ext Time – Dkt. #19)

Before the court is Defendants' Motion to Compel and Request for Sanctions Pursuant to FRCP 37 (Dkt. #17), and Plaintiff's Motion to Extend Time. The court has considered the Motion. No opposition was filed and the time for filing a response has now run. The court initially set the motion for hearing on April 29, 2014. The Plaintiff, who is appearing pro se, requested an extension of time to file a response (Dkt. #19), and continuance of the hearing (Dkt. #20) which the court granted. The hearing was reset for May 27, 2014, and again continued due to the court's scheduling needs to June 3, 2014. Prior to the hearing Plaintiff again requested an extension of time (Dkt. #23) indicating she would respond to Defendants' outstanding discovery requests by June 2, 2014, and was unable to attend the hearing because she was out of state. The court denied the request to continue the hearing, but allowed the Plaintiff to appear telephonically. In a written Order (Dkt. #24) the court gave Plaintiff the necessary information to make arrangements with the courtroom deputy to appear at the hearing telephonically. However, she failed to make the necessary arrangements, did not call in, and was not available at the number provided on the court's docket when the hearing was called. Thomas Dillard appeared on behalf of the Defendants.

/ / /

/ / /

1

**BACKGROUND**

The Complaint (Dkt. #1) in this case was filed July 17, 2013.  Plaintiff asserts claims for deprivation of her civil rights and various state claims against Defendant police officers with the Las Vegas Metropolitan Police Department ("LVMPD").   Plaintiff's claims arise out of a November 25, 2012 incident in which she and her fiancé, currently her husband, were stopped in a traffic stop riding a moped near the Cheyenne and Rainbow intersection in Las Vegas, Nevada. The initial stop was made by Officer Gonzales.   The encounter escalated to a physical confrontation which resulted in multiple officers responding to the scene.  Plaintiff's fiancé called family members who also responded to the scene.  Plaintiff alleges she was handcuffed, taken into custody, and transported to the Clark County Detention Center in the absence of probable cause and in violation of her Fourth Amendment Right.  She was charged with battery on a police officer which was dismissed.  She seeks general damages, compensatory damages and punitive damages.

Defendants' filed an Answer (Dkt. #9) September 9, 2013, and the court entered a Discovery Plan and Scheduling Order (Dkt. #12) October 23, 2013, which established a March 10, 2014 discovery cutoff.

Defendants served interrogatories and requests for production of documents on October 23, 2013, which were due thirty days later.  Plaintiff did not timely respond or request an extension of time to respond.  Counsel for the Defendants sent Plaintiff correspondence February 27, 2014, and follow-up correspondence March 13, 2014, seeking to obtain her compliance with her discovery obligations.  Copies of the discovery requests and correspondence are attached to the motion to compel.  Plaintiff did not respond to the letters or attempt to contact defense counsel regarding her overdue discovery responses and this motion was filed.

Plaintiff did not file a timely response to the motion to compel or request an extension of time in which to respond.  She did, however, file a "Notice and Motion to Extend Time to Respond to Defendants' Request for Admissions/Interrogatories and Memorandum in Support Thereof (Dkt. #19) on April 22, 2014.  In this filing, she requested an extension until June 2, 2014, to respond to Defendants' discovery requests on the grounds the interrogatories raised

complex and laborious questions about other persons present at the arrest.  Plaintiff also requested an extension of time to respond to requests for admissions served on her which she believed were due April 10, 2014.

### DISCUSSION

**A.    Rule 26(a).**

Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure requires parties to make initial disclosures "without awaiting a discovery request."  Rule 26(a)(1)(A)(iii) requires a plaintiff to provide "a computation of each category of damages claim" and make documents or other evidentiary material on which the computation was based available for inspection and copying.  According to the advisory committee note to Rule 26, this requirement is "the functional equivalent of a standing Request for Production under Rule 34."  Fed. R. Civ. P. 26 advisory committee's note to 1993 Amendment.

Rule 26(e)(1) requires a party making initial disclosures to "supplement or correct its disclosures or responses  . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and that the additional or corrective information has not otherwise been known to the other parties during the discovery process or in writing."  Fed. R. Civ. P. 26(e)(1).  The advisory committee's note to the 1993 Amendment indicate that "a major purpose" of the Rule 26(a) initial disclosure requirement "is to accelerate the exchange of basic information about the case and to eliminate the paperwork involved in requesting such information."  *Id.*

A party who fails to comply with its initial disclosure requirements and duty to timely supplement or correct disclosures or responses may not use any information not disclosed or supplemented "to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 27(c)(1).  *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106 (9th Cir. 2001).  A party facing sanctions under Rule 37(c)(1) for failing to make its initial disclosures or timely supplement or correct incomplete or incorrect responses bears the burden of establishing that its failure to disclose the required

3

1   information was substantially justified or is harmless.  *Torres v. City of L.A.*, 548 F.3d 1197,

2   1213 (9th Cir. 2008).

3       **B.      Rule 16(f)**.

4        Rule 16(f) of the Federal Rules of Civil Procedure authorizes the court to impose

5   sanctions on a party's motion or on its own motion, including any sanction authorized by Rule

6   37(b)(2)(A)(ii-vii), if a party or its attorney fails to obey a scheduling order or other pretrial

7   order.  *Id*.  Sanctions for failure to obey a discovery order include, among other things, striking a

8   party's pleadings in whole or in part or rendering a default judgment against the disobedient

9   party.  Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi).

10       Rule 16(f) gives the court broad discretion to sanction attorneys and parties who fail to

11   comply with reasonable case management orders of the court so that they "fulfill their high duty

12   to insure the expeditious and sound management of the preparation of cases for trial."  *Matter of*

13   *Sanctions of Baker*, 744 F.2d 1438, 1440 (10th Cir. 1994) (en banc).  The Ninth Circuit has held

14   that the purpose of Rule 16 is "to encourage forceful judicial management."  *Sherman v. United*

15   *States*, 801 F.2d 1133, 1135 (9th Cir. 1986); *see also* Fed. R. Civ. P. 16 advisory committee's

16   note (stating "explicit reference to sanctions reinforces the rule's intention to encourage forceful

17   judicial management.")  Violations of Rule 16 are neither technical nor trivial.  *Martin Family*

18   *Trust v. Heco-Nostalgia Enterprises, Co.,* 186 F.R.D. 601, 603 (E.D. Ca. 1999).  Rule 16 is

19   critical to the court's management of its docket and prevents unnecessary delays in adjudicating

20   cases.  *Id*.  The Ninth Circuit has emphasized that a case management order "is not a frivolous

21   piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."

22   *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal quotations

23   and citations omitted).  Disregard of a court order undermines the court's ability to control its

24   docket and rewards the indolent and cavalier.  *Id*.

25       Violations of a scheduling order may result in sanctions including dismissal under Rule

26   37(b)(2)(C).  *Dreith v. Nu Image, Inc.,* 648 F.3d 779, 787 (9th Cir. 2011) (internal quotations

27   omitted).  The goal of Rule 16 is to get cases decided on the merits.  *In re: Phenylpropnolamine*

28   *(PPA) Products Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006).  Rule 16(f) "puts teeth into

1   these objectives by permitting the judge to make such orders as are just for a party's failure to

2   obey a scheduling or pretrial order, including dismissal." *Id*.

3       **C.**    **Rule 37.**

4          Rule 37 of the Federal Rules of Civil Procedure authorizes a wide range of sanctions for a

5   party's failure to engage in discovery.  The court has the authority under Rule 37(b) to impose

6   litigation-ending sanctions.  The Rule authorizes sanctions for a party's failure to make

7   disclosures or cooperate in discovery. Rule 37(c)(1) provides, in relevant part:

8       A party that without substantial justification fails to disclose information required
       by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required

9       by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as
       evidence at a trial, at a hearing, or on a motion any witness or information not so

10      disclosed.

11  Fed. R. Civ. P. 37(c)(1). Rule 37 "gives teeth" to the disclosure requirements of Rule 26 by

12  forbidding the use at trial of any information that is not properly disclosed.  *Goodman v. Staples*

13  *The Office Superstore,* 644 F.3d 817, 827 (9th Cir.2011).  Rule 37(c)(1) is a "self-executing,

14  automatic" sanction designed to provide a strong inducement for disclosure.  *Id.*  The 1993

15  amendments to Rule 37 were "a recognized broadening of the sanctioning power."  *Yeti by*

16  *Molly,* 259 F.3d at 1106.  Rule 37(a)(3) explicitly provides that an evasive or incomplete

17  disclosure, answer, or response to a discovery obligation "is to be treated as a failure to disclose,

18  answer, or respond."  *Id.*

19         In the Ninth Circuit, "[t]he district court is given broad discretion in supervising the

20  pretrial phase of litigation."  *Continental Lab.,* 195 F.R.D. at 677 (quoting *Miller v. Safeco Title*

21  *Ins. Co.,* 758 F.2d 364, 369 (9th Cir.1985)).  If full compliance with Rule 26(a) is not made, Rule

22  37(c)(1) mandates some sanction, "the degree and severity of which are within the discretion of

23  the trial judge."  *Keener v. United States,* 181 F.R.D. 639, 641 (D. Mont.1998). The Ninth

24  Circuit reviews a district court's decision to sanction for a violation of the discovery rules for

25  abuse of discretion which gives "particularly wide latitude to the district court's discretion to

26  issue sanctions under Rule 37(c)(1)."  *Yeti by Molly Ltd.,* 259 F.3d at 1106 (citing *Ortiz–Lopez v.*

27  *Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico,* 248 F.3d 29, 34 (1st

28  Cir.2001)).

1    In *Yeti by Molly*, the Ninth Circuit recognized that some courts have upheld preclusion

2  sanctions under Rule 37(c)(1) for a litigant's failure to comply with the requirements of Rule 26,

3  even where they would preclude a litigant's entire claim or defense. *Id*. at 1106.  The Ninth

4  Circuit has explicitly rejected the notion the district court is required to make a finding of

5  willfulness or bad faith to exclude damages evidence when preclusion sanctions do not amount

6  to dismissal of a cause of action. *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175,

7  1180 (9th Cir. 2008).  However, when preclusion sanctions amount to dismissal of a claim, the

8  district court is required to make a finding of willfulness, fault, or bad faith, and to consider the

9  availability of lesser sanctions. *R&R Sales, Inc. v. Insurance Company of Pennsylvania,* 673

10  F.3d 1240, 1247 (9th Cir. 2012).

11    The Ninth Circuit has identified five factors that a district court must consider before

12  dismissing a case or declaring a default: (1) the public's interest in expeditious resolution of

13  litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party;

14  (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of

15  less drastic sanctions. *Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir. 1997); *Stars' Desert*

16  *Inn Hotel & Country Club, Inc. v. Hwang*, 105 F.3d 521, 524 (9th Cir. 1997).

17    In most cases the first two factors weigh in favor of the imposition of sanctions, while the

18  fourth factor cuts against dismissal.  The Ninth Circuit evaluates whether a district court properly

19  considered the availability of lesser sanctions by examining whether the court: (1) explicitly

20  discussed the possibility of less drastic sanctions and explained why alternative sanctions would

21  be inappropriate; (2) implemented alternative sanctions before ordering default; and (3) warned

22  the party of the possibility of default before actually ordering it. *Hwang*, 105 F.3d at 524 (citing

23  *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994)); s*ee also Valley Eng'rs v. Electric*

24  *Eng'rs Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998).  Ninth Circuit decisions "suggest that a district

25  court's warning to a party that his failure to obey the court's order will result in dismissal can

26  satisfy the 'consideration of alternatives' requirement." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262

27  (9th Cir. 1991).  The key factors the court should consider are prejudice and availability of lesser

28  sanctions. *Id*. (citing *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990)).

1    Due process requires that neither dismissal nor preclusion of evidence that is tantamount

2    to dismissal may be imposed when failure to comply is due to circumstances beyond the

3    recalcitrant party's control. *United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365,

4    1369 (9th Cir. 1980). The Ninth Circuit has specifically encouraged dismissal, however, where

5    the district court determines "that counsel or a party has acted willfully or in bad faith in failing

6    to comply with rules of discovery or with court orders enforcing the rules or in flagrant disregard

7    of those rules or orders." *Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981) (quoting *G-K*

8    *Properties v. Redevelopment Agency*, 577 F.2d 645, 647 (9th Cir. 1978) (citing *National Hockey*

9    *League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639 (1976))).

10    At the hearing Mr. Dillard indicated he had had no contact with Plaintiff since the initial

11    Rule 26(f) conference, and that Plaintiff had still not responded to any of the outstanding

12    discovery requests. Defendants have a number of dispositive motions on file including a May

13    28, 2014 Motion for Summary Judgment (Dkt. #25) based on facts deemed admitted pursuant to

14    Rule 36 for Plaintiff's failure to respond to requests for admissions. The court orally granted the

15    motion to compel and awarded sanctions in the form of attorney's fees in the amount of $780 for

16    four hours of time at the rate of $195 per hour for the necessity of filing the motion and attending

17    the hearing. Mr. Dillard represented as an officer of the court that $195 per hour was the

18    standard hourly rate charged to the Defendants for work of this nature which the court finds very

19    reasonable and well within the range prevailing attorney's fees in this district.

20    By operation of law, the requests for admissions are deemed admitted "unless, within

21    thirty days after being served, the party to whom the request is directed serves on the requesting

22    party a written answer or objection addressed to the matter and signed by the party or its

23    attorney." Fed. R. Civ. P. 36(a)(3). A matter admitted under Rule 36 "is conclusively

24    established unless the court, on motion, permits the admission to be withdrawn or amended."

25    Rule 36(b). Plaintiff's failure to timely serve responses to the request for admissions deems the

26    matters admitted. Any matter "thus admitted is conclusively established unless the court, on

27    motion, permits withdrawal or amendment of the admission." *Hadley v. United States*, 45 F.3d,

28    1345, 1348 (9th Cir. 1995). Plaintiff has not filed a motion requesting relief.

Having reviewed and considered the matter,

**IT IS ORDERED** that:

1.    Defendants' Motion to Compel and Request for Sanctions (Dkt. #17) is **GRANTED**, and sanctions in the amount of $780.00 are awarded for the attorney's fees and costs incurred for the necessity of filing this motion.

2.    Collection of the sanctions awarded is deferred until the end of the case.  If Defendants prevail, the sanctions may be added as a taxable cost.  If Plaintiff prevails by judgment or settlement, the amount of the sanctions shall be applied as an offset to any settlement or judgment.

3.    The request for admissions are deemed admitted by operation of law.

4.    Plaintiff shall have until **June 23, 2014**, in which to serve full and complete responses to Defendants' interrogatories and requests for production of documents, without objections.  Failure to timely comply with this order will result in a recommendation to the district judge that Plaintiff's complaint be dismissed for failure to prosecute, failure to comply with Plaintiff's discovery obligations, and failure to comply with this court's order.

5.    If the Plaintiff fails to timely comply with this order, defense counsel may file a simple one-page motion requesting additional sanctions which the court has now warned the Plaintiff will be the consequence of her failure to comply in this decision and order.

6.    Plaintiff's Motion to Extend Time (Dkt. #19) is **DENIED**, Plaintiff having failed to respond to any of the outstanding discovery requests by June 2, 2014, as she requested, and having failed to request an additional extension of time or telephonically appear at the hearing as ordered.

DATED this 9th day of June, 2014.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE