UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| VERONICA GUTIERREZ-HOWERTON, | Case No. 2:13-cv-01261-GMN-PAL |
| Plaintiff, | REPORT OF FINDINGS AND RECOMMENDATION |
| v. | |
| NICOLE GONALEZ, | |
| Defendants. | |

This matter is before the court on Defendants Nicole Gonzalez's, Phillip Glover's, Jeffrey Goodwin's, and Byron Gray's Notice of Non-Compliance by Plaintiff of Court Order (Dkt. #29) filed June 24, 2014.  The court has considered the Notice.

**BACKGROUND**

Plaintiff Veronica Gutierrez-Howerton filed the Complaint (Dkt. #1) in this case on July 17, 2013.  The Complaint alleges Defendants violated Plaintiff's civil rights and also alleges various state claims against the Defendants, who are all Las Vegas Metropolitan Police Department officers.  Plaintiff's claims arise out of a November 25, 2012, incident in which she and her then-fiancé (now husband), were stopped in a traffic stop riding a moped in Las Vegas, Nevada.  The initial stop was made by Officer Gonzalez.  The encounter escalated to a physical confrontation, and multiple officers responded to the scene.  Plaintiff's fiancé called family members who also responded to the scene.  Plaintiff alleges she was handcuffed, taken into custody, and transported to the Clark County Detention Center in the absence of probable cause and in violation of her fourth amendment rights.  She was charged with battery on a police officer, but that charge was dismissed.  She seeks general, compensatory, and punitive damages.

/ / /

1    Defendants' filed an Answer (Dkt. #9) September 9, 2013, and the court entered a

2    Discovery Plan and Scheduling Order (Dkt. #12) October 23, 2013, which established a March

3    10, 2014, discovery cutoff.

4    Defendants served interrogatories and requests for production of documents on Plaintiff

5    October 23, 2013.  Plaintiff did not timely respond or request an extension of time to do so.

6    Counsel for Defendants sent Plaintiff a letter February 27, 2014, and follow-up correspondence

7    March 13, 2014, seeking to obtain her compliance with her discovery obligations.  *See*

8    Correspondence, attached as Exhibits H and I to Defendants' Motion to Compel (Dkt. #17).

9    Plaintiff did not respond to the letters or attempt to contact defense counsel regarding her

10   overdue discovery response and Defendants filed a Motion to Compel.

11   Plaintiff did not timely respond to the Motion to Compel or request an extension of time

12   in which to respond.  She did, however, file a "Notice and Motion to Extend Time to Respond to

13   Defendants' Request for Admissions/Interrogatories and Memorandum in Support Thereof"

14   (Dkt. #19) on April 22, 2014, in which she requested until June 2, 2014, to respond to

15   Defendants' discovery requests.  She asserted the interrogatories raised complex and laborious

16   questions about other people present at the time of her arrest.  Plaintiff also requested an

17   extension of time to respond to requests for admissions.

18   A hearing on the motion to compel was initially set for April 29, 2014.  It was continued

19   based on Plaintiff's request to have until June 2, 2014 to respond to the discovery for the

20   following day.  On May 27, 2014 the court granted in part and denied in part another  motion

21   filed by Plaintiff to continue the hearing on the motion to compel. See Oder (Dkt #24).  Plaintiff

22   indicated that appearing would create an excessive hardship.  The court allowed Plaintiff to

23   appear telephonically and a written order gave her instructions how to make the arrangements

24   through the courtroom deputy.

25   On June 3, 2014, the court held a hearing on the Motion to Compel.  *See* Minutes of

26   Proceedings (Dkt. #27).  Plaintiff did not appear, nor did any attorney appear on her behalf.  *Id.*

27   At the hearing counsel for Defendants indicated that he had had no contact with the Plaintiff for

28   many months and believed that she had moved out of state. At the hearing, the court granted the

motion to compel and entered a written Order (Dkt. #28) on June 11, 2014, granting Defendants' Motion to Compel and Request for Sanctions.  The court sanctioned Plaintiff in the amount of $780.00 for Defendants' attorneys' fees and costs incurred in filing the Motion to Compel, but deferred collection of the sanctions until the end of this case.  The court found Defendants' requests for admissions were deemed admitted by operation of law.  The court gave Plaintiff until June 23, 2014, in which to serve full and complete responses to Defendants' interrogatories and requests for production of documents, without objections.  The order warned Plaintiff that failure to timely comply with the order would result in a recommendation to the district judge that Plaintiff's Complaint be dismissed for failure to prosecute, failure to comply with Plaintiff's discovery obligations, and failure to comply with the court's Order.  Defendants' Notice (Dkt. #29) represents that Plaintiff did not serve any responses to Defendants' interrogatories or requests for production of documents.

Plaintiff's willful failure to comply with the court's Orders is an abusive litigation practice that has interfered with the court's ability to hear this case, delayed litigation, disrupted the court's timely management of its docket, wasted judicial resources, and threatened the integrity of the court's orders and the orderly administration of justice.  Sanctions less drastic than dismissal are unavailable because Plaintiff has wilfully refused to comply with the court's Order (Dkt. #28), failed to comply with her discovery obligations and the Local Rules of Civil Practice, failed to appear for hearing and failed to prosecute this case.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Complaint (Dkt. #1) be DISMISSED WITH PREJUDICE.

Dated this 25th day of July, 2014.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

## NOTICE

These findings and recommendations are submitted to the United States District Judge

- 3 -

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court.  Pursuant to Local Rule of Practice IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.