UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| VERONICA GUTIERREZ-HOWERTON,<br><br>  Plaintiff,<br>v.<br><br>NICOLE GONZALEZ, et al.,<br><br>  Defendants. | Case No. 2:13-cv-01261-GMN-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION**<br><br>(Mtn for Atty Fees – Dkt. #35) |

This matter is before the court on Defendants Nicole Gonzales', Phillip Glover's, Jeffrey Goodwin's, and Byron Gray's Motion for Attorneys' Fees (Dkt. #35), which was referred to the undersigned for a report of findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. The court has considered the Motion, Plaintiff Veronica Gutierrez-Howerton's Response (Dkt. #39), and Defendants' Reply (Dkt. #39).

## BACKGROUND

This case arises out of a traffic stop on November 25, 2012. On that day, Plaintiff was the passenger on a moped driving in Las Vegas Nevada. The driver of the moped was pulled over by Defendant Gonzalez, a Las Vegas Metropolitan Police Department ("LVMPD") officer. Once stopped, the encounter escalated to a physical confrontation, and multiple officers responded to the scene. Plaintiff was ultimately arrested and taken to Clark County Detention Center. On July 17, 2013, Plaintiff filed a pro se civil rights Complaint (Dkt. #1) against Defendants, alleging she was subjected to excessive force and was unlawfully arrested in violation of the Fourth Amendment.

Defendants filed an Answer (Dkt. #9), and later, a Motion for Partial Judgment on the Pleadings (Dkt. #13), a Motion for Partial Summary Judgment (Dkt. #16), and a Motion for Summary Judgment. Plaintiff did not oppose any of these Motions. Defendants also filed a

Motion to Compel (Dkt. #17), seeking to compel Plaintiff's responses to their written discovery requests. The court held a hearing on the Motion to Compel, but Plaintiff did not appear. *See* Minutes of Proceedings (Dkt. #27). The court granted the Motion and directed Plaintiff to respond to the written discovery requests. *Id.* The court warned Plaintiff that failure to comply would result in additional sanctions, which could include case-dispositive sanctions. *Id.*; Order (Dkt. #28). Plaintiff did not respond as directed. *See* Notice of Non-Compliance (Dkt. #29). The court entered a Report of Findings and Recommendation ("R&R") (Dkt. #30), recommending Plaintiff's Complaint be dismissed with prejudice. Plaintiff filed an Objection (Dkt. #31) to the R&R, and the district judge entered an Order (Dkt. #33) adopting the R&R and dismissing the Complaint with prejudice. The Clerk entered Judgment (Dkt. #34) in favor of Defendants.

## DISCUSSION

**I.     The Parties' Positions.**

Defendants seek an order pursuant to 42 U.S.C. § 1988 and Local Rule 54-16 awarding them attorney fees in the amount of $11,335.00, asserting Plaintiff's Complaint was frivolous. Defendants argue that the factual basis for Plaintiff's Complaint was undermined by her failure to respond to requests for admission, which were deemed admitted by operation of law. Plaintiff's failure to respond established the following facts: Officer Gonzalez pulled over the moped on which Plaintiff was a passenger because the driver was not wearing a helmet. Plaintiff refused to comply with Officer Gonzalez's instructions to step in front of his patrol car and argued with him. Gonzalez attempted to make a lawful arrest for obstructing an officer during an investigation after Plaintiff ignored him and walked to her vehicle. Plaintiff verbally and physically resisted arrest and attempted to hit Gonzalez in the face, prompting a physical struggle. Plaintiff continued to physically resist arrest, and she was eventually arrested for resisting arrest and battery on a police officer. Another police officer lawfully searched Plaintiff's pocketbook and the moped. Officers Glover, Goodwin, and Gray had no personal involvement in using physical force on Plaintiff or arresting her. The officers did not discriminate against Plaintiff because of her membership in any protected class, and Plaintiff was

arrested because of her conduct, not her speech. Defendants were not deliberately indifferent and did not engage in any outrageous conduct. Because Plaintiff's Complaint is not supported by the facts, it is frivolous and warrants an award of fees.

Plaintiff opposes the Motion, arguing that the Nevada state court determined that Defendant Gonzalez infringed her Fourth Amendment Rights when the court dismissed the state court charge(s) against her. Plaintiff appears to argue that the dismissal of criminal charges was a judgment which has preclusive effect in this federal civil action. Plaintiff claims this court is required to accord the state court's dismissal of criminal charge(s) against her "full faith and credit." Here, Plaintiff filed this action only after a state judge found her Fourth Amendment Rights were violated and her complaint is therefore not frivolous. The fact that she was "unable to participate" in her case does not support an award of fees. Plaintiff's claims were not speculative and were pursued in good faith.

Defendants reply that any orders in Plaintiff's criminal case in Las Vegas Justice Court have no preclusive effect in this case and do not demonstrate a lack of frivolousness. Defendants acknowledge offensive issue preclusion applies to § 1983 actions, but Plaintiff has not established the elements, nor can she, because LVMPD is not in privity with the State of Nevada in a criminal prosecution. The prosecutor does not represent LVMPD or its officers, and the police have no control over the proceedings. Other federal circuit courts have held that there is no privity to assert issue preclusion against the police in a case like this. In other words, the defendants are not bound by any orders entered in the criminal case, and this court may not apply those orders against the Defendants in this case.

**B.    Applicable Law & Analysis.**

As an initial matter, the docket in this case reflects that Plaintiff has appealed the Clerk's Judgment to the Ninth Circuit, which set a briefing schedule. See Notice of Appeal (Dkt. #36); Order for Time Schedule (Dkt. #38). Nevertheless, the court has jurisdiction to decide this Motion for Attorneys' Fees because the Ninth Circuit has held that district courts retain jurisdiction to decide issues concerning attorney's fees after an appeal is filed but before an order on mandate is entered. *See Cazares v. Barber,* 959 F.2d 753, 756 (9th Cir. 1992) (the "rule of

exclusive appellate jurisdiction is a creature of judicial prudence, however, and is not absolute") (citing *Masalosalo by Masalosalo v. Stonewall Ins. Co.,* 718 F.2d 955, 956-57 (9th Cir. 1983)).

Turning to the merits, 28 U.S.C. § 1988 allows for a prevailing party in a civil rights case to recover an award of reasonable attorney fees. A prevailing defendant in a civil rights action is not entitled to attorney fees under § 1988 merely because he prevails on the merits of the suit. *See Hughes v. Rowe,* 449 U.S. 5, 14 (1980) ("The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees"); *Allen v. City of Los Angeles,* 66 F.3d 1052, 1058 n.2 (9th Cir. 1995) (citing *Vernon v. City of Los Angeles,* 27 F.3d 1385, 1402 (9th Cir. 1994). Rather, a prevailing defendant may only recover attorney fees "in exceptional circumstances" for a plaintiff's claims that are "unreasonable, frivolous, meritless, or vexatious." *Harris v. Maricopa Cty. Sup. Ct.,* 631 F.3d 963, 968 (9th Cir. 2011); *Allen,* 66 F.3d at 1058 n.2 (citing *Roberts v. Spalding,* 783 F.2d 867, 874 (9th Cir. 1986). A case is frivolous where "the result is obvious," or the claims are "wholly without merit." *See Legal Svs. of Northern Cal., Inc. v. Arnett*, 114 F.3d 135, 141 (9th Cir. 1997)*; see also Patton v. County of Kings,* 857 F.2d 1379, 1381 (9th Cir. 1988) (stating "the same standard is applied when analyzing requests for attorneys' fees at both the trial and appellate levels")

The court finds that Defendant has not met its burden of establishing this is an exceptional case which warrants the award of attorney's fees for an unreasonable, frivolous, meritless or vexatious lawsuit. Defendants do not dispute that a state court judge in the underlying criminal action found that Plaintiff's Fourth Amendment Rights were violated in connection with the stop and arrest in dispute in this case. The Defendants are correct that the court is not required to give an order dismissing a criminal case issue or claim preclusive effect in this case.

By failing to timely respond to Defendants' request for admissions, the requests were deemed admitted by operation of law. Defendants were entitled to, and received the benefit of the self-executing sanction authorized by Rule 36. However, the court must consider the allegations in the Complaint at the time it was filed. In *Christiansburg,* the Supreme Court cautioned district courts to resist "the understandable temptation to engage in post hoc reasoning

4

by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." 434 U.S. at 421-22. This policy was adopted to "avoid discouraging civil rights plaintiffs from bringing suits" and to encourage "the efforts of Congress to promote vigorous enforcement of the civil rights laws." *Harris,* 631 F.3d at 971 (citing *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 422 (1978)).

Plaintiff apparently moved out of the state while this case was pending. She did not entirely abandon her efforts to pursue this case. She filed motions and requests to extend time to respond to discovery requests. However, ultimately, she did not appear at the hearing on the motion to compel or comply with the court's order compelling her to respond to Defendants' written discovery. The court granted Defendants' motion to compel and request for sanctions, awarding defense counsel $780 for attorney's fees and costs in filing the motion to compel. The court also found that Defendants' request for admissions were deemed admitted by operation of law. The court gave Plaintiff a final opportunity to serve full and complete responses to Defendants' interrogatories and requests for production of documents and warned her that if she failed to timely comply, the court would recommend dismissal.

The court advised defense counsel that he need not file a motion to dismiss if Plaintiff failed to comply with the order compelling responses and could merely file a notice if Plaintiff did not comply with the court's order compelling her to respond to Defendants' discovery requests. Defendants did so, and the court entered a report and recommendation recommending dismissal of Plaintiff's lawsuit with prejudice. The district judge adopted the report and recommendation in an Order (Dkt. #33) entered September 15, 2014.

Plaintiff suffered the consequences of her failure to prosecute, failure to comply with her discovery obligations, and failure to comply with the court's discovery order. However, considering the allegations in the Complaint, at the time it was filed, the court finds that Plaintiff's claims were not unreasonable, frivolous, meritless or vexatious. The result was not obvious, nor were Plaintiff's claims wholly without merit. This is not an "exceptional case" that justifies an award of attorney fees to the prevailing Defendants under 42 U.S.C. § 1988.

Accordingly,

**IT IS RECOMMENDED** that Defendants' Motion for Attorneys' Fees (Dkt. #35) be **DENIED**.

Dated this 12th day of January, 2015.

                                           PEGGY A. LEEN
                                           UNITED STATES MAGISTRATE JUDGE

## **NOTICE**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.